IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PLANO

| | |
|---|---|
| **GLYCOBIOSCIENCES INC.,**<br>**7 TIMBER COURT**<br>**GEORGETOWN, ONTARIO L7G 4S4**<br><br>    **Plaintiff,**<br>v.<br><br>**DERMALOGICA, LLC**<br>**5601 DEMOCRACY DRIVE, SUITE 280**<br>**PLANO, TEXAS 75024**<br><br>    **Defendant.** | Civil Action No.  4:25-cv-991 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff GlycoBioSciences, Inc., by its undersigned counsel, allege for its Complaint against Dermalogica, LLC, as follows:

**THE NATURE OF THIS ACTION**

1. Plaintiff, GlycoBioSciences, Inc.  brings this action against Defendant, Dermalogica, LLC  pursuant to 35 U.S.C. §101 et seq. and §§ 271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of the Glyco Patents-in-Suit, U.S. Patent No. 9,821,005 (Exhibit A) entitled Polymer Matrix Compositions Comprising a High Concentration of Bio-fermented Sodium Hyaluronate and Uses Thereof and for infringement of one or more claims of U.S. Patent No. 10,332,142  (Exhibit B) entitled Polymer Matrix Compositions Comprising a High Concentration of Bio-fermented Sodium Hyaluronate and Uses Thereof. Both patents list Kevin Drizen and Jai Velusamy as inventors and are assigned to Plaintiff Glyco. The Glyco Patents-in-Suit are directed to cosmetic and pharmaceutical formulations for the

effective delivery of Hyaluronate in a polymer matrix. Plaintiff Glyco has launched several successful products with Hyaluronate components and has a multi decade history in the development of polymer matrix delivery, with numerous patent grants.

2.      Defendant Dermalogica directly infringes the '005 and '142 Patents by manufacturing and selling certain Hyaluronate containing cosmetics. Defendant Dermalogica also directly infringes method claims of the '142 Patents by practicing the claimed method in its facilities, including the "Learning Loft" "Dermalogica Academy" and "Flagship" locations. Dermalogica also indirectly infringes by inducing other to use the product and to practice the claimed method. Defendant Dermalogica's specific infringing product so far identified by Plaintiff are the "Circular Hydration Serum with Hyaluronic Acid" the "Phyto Nature Lifting Eye Cream" the "Phyto Nature Firming Serum" the "Phyto Nature Oxygen Cream" and the "Hyaluronic Ceramide Mist" (Exhibits C - G) which utilize the patented formulations as claimed in the Glyco Patents.

## THE PARTIES

3.      Plaintiff Glyco is a Canadian Corporation, founded in 2003 and headquartered in Ontario Canada with its principle place of business at 7 Timber Court, Georgetown, Ontario L7G 4S4.

4.      Plaintiff Glyco has developed numerous formulations for the effective delivery of therapeutic agents, including Hyaluronic Acid. Plaintiff Glyco has developed a range of polymer matrices that are effective carriers for the efficient delivery of Hyaluronic Acid for skin care, wound care and cosmetic uses. Several of Plaintiff's products which are currently on the market are protected by the Glyco Patents.

5. Defendant Dermalogica is a California corporation with corporate offices in Plano Texas, Austin Texas, New York, Chicago, Atlanta, Scottsdale AZ, Ft. Lauderdale FL, Irvine, Carson, Pleasanton, Santa Monica, West Hollywood CA, Vienna VA, Louisville KY and King of Prussia PA and across the Globe. Dermalogica sells and distributes accused infringing products throughout the United States, including sales from, in and into this Judicial District. Dermalogica also provides treatments for dermatological conditions at its "Learning Lofts" including the Dermalogica Learning Loft in Plano Texas, "Dermalogica Academy" "Corporate" and "Flagship" locations. Performing treatment infringes the "method of treatment" claims of the '142 Patent. Defendant induces other to use the products and to perform treatments at the locations and through its education and training materials, and through its distribution network which includes skin care professionals.

6. Defendant Dermalogica has a regular and established place of business, identified as a corporate office, which also includes a Learning Loft, at 5601 Democracy Drive Suite 280, Plano, Texas 75024, in this district.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 *et seq*.

8. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§ 1331 and 1338(a), federal question, and 28 U.S.C. § 1332(a)(2). This Court has personal jurisdiction over Defendant Dermalogica because Dermalogica maintains a regular and established place of business in this District.

9. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400. Defendants have committed acts of infringement in and have a regular and established place of business in this judicial district.

## BACKGROUND AND GENERAL ALLEGATIONS

10. Plaintiff Glyco developed stable polymer matrix compositions which have advantageous properties, comprising high concentrations of sodium hyaluronate obtained from a Streptococcus zooepidemicus source and a non-ionic polymer. Plaintiff Glyco's products have found advantageous results from the use of a polymer matric composition which further comprises polyethylene glycol and methylparaben, and utilizes ingredients that are of pharmaceutical or compendial grade. The polymer matric compositions used by Glyco and protected by the patents, may optionally comprise an active ingredient. The polymer matric compositions may be used in the treatment of wounds, burns, certain dermatological conditions and in topical, transdermal delivery and sustained release of active ingredients.

11. The patents protect formulations with a polymer matrix composition comprising: sodium hyaluronate, a hydroxyethylcellulose or equivalent non-ionic polymer, polyethylene glycol, and water, and formulas with equivalent compositions and/or additional components.

12. The Glyco Patents, copies of which are attached as Exhibits A and B to the Complaint, have each been assigned to, and are currently owned by, Plaintiff GlycoBioSciences.

13. The '005 Patent was legally issued by The United States Patent and Trademark Office on November 21, 2017.

14. The '142 Patent was legally issued by The United States Patent and Trademark Office on June 18, 2019 as continuation of the '005 Patent and is co-terminus with the '005 Patent, both expiring on August 5, 2035.

## INFRINGING PRODUCTS

15. Defendant Dermalogica manufactures and sells certain Hyaluronic Acid containing cosmetics. Defendant Dermalogica's specific infringing product include the "Circular Hydration Serum with Hyaluronic Acid" the "Phyto Nature Lifting Eye Cream" the "Phyto Nature Firming Serum" the "Phyto Nature Oxygen Cream" and the "Hyaluronic Ceramide Mist" Upon investigation, testing, information and belief, the above products contain high concentrations of Hyaluronic Acid in a Polymer matrix which includes a non-ionic polymer and are formulations that have all the elements of one or more of the claims of the Glyco Patents and/ have formulae that literally infringe and/or are equivalent to the claimed formulas.

16. Additional infringing products may be introduced by Defendant during the pendency of this litigation and or may be otherwise discovered and/or identified by Plaintiff during the pendency of this litigation and are included in the accused products.

17. The '005 Patent includes five claims. Independent claim 1 recites a formulation for a stable topical polymer matrix gel composition comprising generally:

    1.5% to 3.5% bio-fermented sodium hyaluronate;

    0.1% to 2.0% hydroxyethylcellulose;

    2% to 4% polyethylene glycol;

    0.1% to 0.3% w/w methylparaben;

    and water.

18. The '142 Patent includes 17 claims, twelve polymer matrix claims and five method claims, for a polymer matrix composition comprising generally:

    about 1.5% to 3.5% bio-fermented sodium hyaluronate;

    about 0/1% to 2/0% non-ionic polymer selected from a broad group of polymers ;

about 2% to 4% polyethylene glycol;

and water;

the claims recite a large range of acceptable non-ionic polymer components. The '142 claims also recite, in certain embodiments, the inclusion of an active therapeutic ingredient in addition to Hyaluronic Acid.

19. The '142 Patent also contains method claims generally reciting:

A method of treatment comprising topically applying the polymer matrix composition of claim **3,** thereby treating a condition including dermatological conditions or damaged skin.

20. Defendant Dermalogica manufactures, distributes and sells products which include each of the recited elements of one or more of the claims of the Glyco Patents, and/or their substantial equivalents. (Exhibit F, Claim Charts)

21. Patent owner has at all times complied with 35 USC 287.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,821,005

22. The allegations of the paragraphs above are hereby re-alleged and incorporated herein by reference.

23. Plaintiff Glyco is the current assignee and owner of the '005 Patent.

24. Defendant Dermalogica has infringed, and continues to infringe, at least one claim of the '005 Patent, under 35 U.S.C. § 271(a), by making, distributing and selling the Accused Products into the United States with formulae including one or more of the following components:

| 9,821,005 | Circular Hydration Serum | Phyto Nature Lifting Eye Cream | Phyto Nature Firming Serum | Phyto Nature Oxygen Cream | Hyaluronic Ceramide Mist |
|---|---|---|---|---|---|
| 1. A stable topical polymer matrix gel composition comprising: | Water/Aqua<br><br>PEG-8,<br><br>Hyaluronic Acid,<br><br>Sodium Hyaluronate<br><br>Hydroxyethylcellulose | Water/Aqua<br><br>PEG-100 Stearate<br><br>Sodium Hyaluronate,<br><br>Microcrystalline Cellulose, Cellulose Gum | Firming Phase:<br><br>Water/Aqua/Eau<br><br>PEG-40 Hydrogenated Castor Oil, . . .<br><br>Sodium Hyaluronate, Sodium Acetylated Hyaluronate . .<br><br>Lifting Phase<br><br>Maltodextrin . . .<br><br>Ethylcellulose | Water/Aqua<br><br>Sodium Hyaluronate,<br><br>PEG-40 Hydrogenated Castor Oil,<br><br>Polysorbate 20. . . | Water/Aqua<br><br>Sodium Acetylated Hyaluronate,<br><br>Sodium Hyaluronate,<br><br>Sodium Hyaluronate Crosspolymer,<br><br>Hydrolyzed Sodium Hyaluronate,<br><br>Ethylhexylglycerin,<br><br>Butylene Glycol<br><br>Pentylene Glycol |
| 1.5 % w/w to 3.5% w/w bio-fermented sodium hyaluronate; | Hyaluronic Acid,<br><br>Sodium Hyaluronate | Sodium Hyaluronate, | Sodium Hyaluronate,<br><br>Sodium Acetylated Hyaluronate, | Sodium Hyaluronate, | Sodium Acetylated Hyaluronate,<br><br>Sodium Hyaluronate,<br><br>Sodium Hyaluronate Crosspolymer,<br><br>Hydrolyzed Sodium Hyaluronate |
| 0.1% w/w to 2.0% w/w hydroxyethylcellulose; | Hydroxyethylcellulose, | Microcrystalline Cellulose, Cellulose Gum | Ethylcellulose<br><br>Maltodextrin | Polysorbate 20 | Butylene Glycol<br><br>Pentylene Glycol<br><br>(Equivalents) |
| 2% w/w to 4% w/w polyethylene glycol; | PEG-8, | PEG-100 Stearate, | PEG-40 | PEG-40 | Biosaccharide Gum-4 |

25.     Defendant Dermalogica does not have a license or permission to use the '005

Patent.

26.     Defendant Dermalogica has been infringing and continues to infringe the '005 Patent. Upon information and belief, Defendant Dermalogica has no good faith defense to Plaintiff Glyco's infringement allegations and continued infringement is willful.

27.     As a result of Defendant Dermalogica's infringement of the '005 Patent, Plaintiff Glyco has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty on the sales of Defendant Dermalogica.

## COUNT II
### Infringement of U.S. Patent No. 10,332,142

28.     The allegations of the paragraphs above are hereby re-alleged and incorporated herein by reference.

29.     Plaintiff Glyco is the current assignee and owner of the '142 Patent.

30.     Defendant Dermalogica has infringed, and continues to infringe, at least one claim of the '005 Patent, under 35 U.S.C. § 271(a), by making, distributing and selling the Accused Products into the United States with formulae including one or more of the following components:

| 10,322,142 | Circular Hydration Serum | Phyto Nature Lifting Eye Cream | Phyto Nature Firming Serum | Phyto Nature Oxygen Cream | Hyaluronic Ceramide Mist |
|---|---|---|---|---|---|
| 1. A polymer matrix composition comprising: | **Water/Aqua/Eau**, **PEG-8**, . . . **Hyaluronic Acid**, **Sodium Hyaluronate** . . . **Hydroxyethylcellulose** . . . | **Water/Aqua/Eau** **PEG-100 Stearate** **Sodium Hyaluronate**, **Microcrystalline Cellulose, Cellulose Gum** . . . | Firming Phase: **Water/Aqua/Eau** **PEG-40 Hydrogenated Castor Oil**, . . . **Sodium Hyaluronate**, . . . **Sodium Acetylated Hyaluronate** . . . Lifting Phase **Maltodextrin** . . . **Ethylcellulose** | **Water/Aqua/Eau,** **Sodium Hyaluronate,** **PEG-40 Hydrogenated Castor Oil**, . . . **Polysorbate 20**. . . | **Water/Aqua/Eau**, **Sodium Acetylated Hyaluronate**, **Sodium Hyaluronate**, **Sodium Hyaluronate Crosspolymer**, **Hydrolyzed Sodium Hyaluronate**, **Ethylhexylglycerin**, **Butylene Glycol** **Pentylene Glycol** |
| about 1.5% w/w to about 3.5% w/w bio-fermented sodium hyaluronate, | **Hyaluronic Acid**, **Sodium Hyaluronate** | **Sodium Hyaluronate**, | **Sodium Hyaluronate**, **Sodium Acetylated Hyaluronate**, | **Sodium Hyaluronate**, | **Sodium Acetylated Hyaluronate**, **Sodium Hyaluronate**, **Sodium Hyaluronate Crosspolymer**, **Hydrolyzed Sodium Hyaluronate** |

| | | | | | |
|---|---|---|---|---|---|
| about 0.1% w/w to about 2.0% w/w hydroxyethylcellulose non-ionic polymer,<br><br>[wherein the non-ionic polymer is selected from a group consisting of . . .<br><br>**cellulose derivatives**,<br><br>**maltodextrin**,<br><br>**polysorbate**,<br><br>**polyethylene glycol**,<br>. . . and mixtures thereof. | **Hydroxyethylcellulose**, | **Microcrystalline Cellulose, Cellulose Gum** . . . | **Ethylcellulose**<br><br>**Maltodextrin** | **Polysorbate 20** | Biosaccharide Gum-4 **Butylene Glycol Pentylene Glycol** (Equivalents**)** |
| about 2% w/w to about 4% w/w of the polyethylene glycol (PEG), and | **PEG-8**, | **PEG-100 Stearate**, | **PEG-40** | **PEG-40** | Biosaccharide Gum-4 |
| water | **Water/Aqua/Eau**, | **Water/Aqua/Eau**, | **Water/Aqua/Eau**, | **Water/Aqua/Eau**, | **Water/Aqua/Eau**, |

10

| CLAIM 6 The polymer matrix composition of claim 1, wherein the non-ionic polymer is selected from a group consisting of . . . , cellulose derivatives, sorbitol based polymer, locus bean gum, guar gum, maltodextrin, vinyl pyrrolidone copolymer, polyacrylamide, polyethylene oxide copolymer, polysorbate, ethoxylates, polyalcohols, polyethylene glycol, methoxy methoxypolyethylene glycol (MPEG) alpha, omega-dialkyl-ethoxylates, and mixtures thereof. | **Hydroxyethylcellulose**, HEC in the Accused Cricular Hydration Serum Products are literally non-ionic polymers and are as recited. | **Microcrystalline Cellulose, Cellulose Gum** . . . All of the above ingredients found in the Accused Phyto Nature Lifting Cream Products are literally non-ionic polymers and are cellulose derivatives as recited. | **Ethylcellulose** **Maltodextrin** The above ingredients found in the Accused Phyto Nature Firming Cream Products are literally non-ionic polymers and are cellulose derivatives, and Maltodextrin is specifically recited in Claim 6. | **Polysorbate 20** The above ingredient found in the Accused Phyo Nature Oxygen Cream Products is specifically recited in Claim 6. | Biosaccharide Gum-4 **Butylene Glycol Pentylene Glycol** All of the above ingredients found in the Accused Hyaluronic Ceramide Mist Products are literally non-ionic polymers and are equivalent to one or more of the recited polymers. |
|---|---|---|---|---|---|
| 13. A method of treatment comprising topically applying the polymer matrix composition of claim 3, thereby treating a condition selected from the group consisting of . . . dermatological conditions, . . . damaged skin | Dry skin and aging skin are dermatological conditions. The accused Products are recommended for dry or aging skin. Defendant practices the method. | Dry skin and aging skin are dermatological conditions. The accused Products are recommended for dry or aging skin. Defendant practices the method. | Dry skin and aging skin are dermatological conditions. The accused Products are recommended for dry or aging skin. Defendant practices the method. | Dry skin and aging skin are dermatological conditions. The accused Products are recommended for dry or aging skin. Defendant practices the method. | Dry skin and aging skin are dermatological conditions. The accused Products are recommended for dry or aging skin. Defendant practices the method. |
| | | | | | |

31. Defendant Dermalogica does not have a license or permission to use the '142 Patent.

32. Defendant Dermalogica has been infringing and continues to infringe the '142 Patent. Defendant Dermalogica has no good faith defense to Plaintiff Glyco's infringement allegations and continued infringement is willful.

33. As a result of Defendant Dermalogica's infringement of the '142 Patent, Plaintiff Glyco has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty on sales of Defendant Dermalogica.

## PRAYER FOR RELIEF

A. For a Judgment declaring the Defendant Dermalogica has infringed the Glyco Patents.

B. For a Judgement declaring that Defendant Dermalogica has infringed the 9,821,005 Patent.

C. For a Judgement declaring that Defendant Dermalogica has infringed the 10,332,142 Patent.

D. For a Judgement declaring that Defendant Dermalogica's continued infringement of the Glyco patents is willful;

E. For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining Defendant from further acts of infringement;

F. For a judgment awarding Plaintiff Glyco compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff Glyco for said infringement of the Glyco Patents in an amount to be determined at trial;

G. For a Judgement declaring that this case is exceptional and awarding Plaintiff Glyco its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

H. For a Judgement awarding Plaintiff Glyco prejudgment interest pursuant to 35 U.S.C. § 284, and a further award of post judgement interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid.

I. For a Judgment awarding Plaintiff Glyco enhanced damages under 35 U.S.C. § 284; and

J. For such other relief to which Plaintiff Glyco is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

DATED: August 15, 2025

Respectfully submitted,

/s/ Joseph J. Zito
Joseph J. Zito (pro Hac)
jzito@dnlzito.com
DNL ZITO
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
202-466-3500

Benjamin C. Deming
DNL ZITO
3232 McKinney Avenue, Suite 500
Dallas, Texas 75204
214-799-1145
bdeming@dnlzito.com

*Attorneys for Plaintiff*
*GLYCOBIOSCIENCES, INC.*